UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERONA GEARY, | : |
| | : |
| Plaintiff(s) | : |
| | : CIVIL CASE NO. 2:17-cv-02184-MMB |
| vs. | : |
| | : |
| LA FITNESS – CORPORATE OFFICE, FITNESS, LLC, F/K/A LA FITNESS, LLC, D/B/A LA FITNESS, SEIDLER EQUITY PARTNERS, MADISON DEARBORN PARTNERS, IMPERIAL/ARAMINGO LIMITED, | : |
| | : |
| Defendant(s) | : |

### DEFENDANT FITNESS INTERNATIONAL, LLC, t/a LA FITNESS' ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Fitness International, LLC, t/a "LA Fitness" (incorrectly stated as "LA Fitness – Corporate Office, Fitness, LLC, formerly known as LA Fitness, LLC, d/b/a LA Fitness"), by and through its counsel, Briggs Law Office, LLC, hereby responds to Plaintiff's Complaint as follows:

1. Denied. After reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is otherwise demanded at the time of trial.

2. Denied as stated. "LA Fitness" is a trade name utilized by Answering Defendant, Fitness International, LLC.

3. Denied as a conclusion of law.

4. Denied as stated. It is admitted that Fitness International, LLC is authorized to conduct business in the Commonwealth of Pennsylvania and has an agent for service of process at the stated address.

5. Denied as a conclusion of law.

6. Denied as stated. It is admitted that Answering Defendant Fitness International, LLC did operate a health club known as LA Fitness at the stated address on or about the date of the alleged incident.

7. Denied. These allegations are moot because said Defendant has been dismissed.

8. Denied. This allegations is moot because said Defendant has been dismissed.

9. Denied. The allegations of this paragraph refer to parties other than the Answering Defendant.

10. Denied. The allegations of this paragraph refer to parties other than the Answering Defendant.

11. Denied as a conclusion of law. To the extent the allegations contained within said paragraph are deemed other than conclusions of law, said allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is otherwise demanded at the time of trial.

12. Denied as a conclusion of law. To the extent the allegations contained within said paragraph are deemed other than conclusions of law, said allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is otherwise demanded at the time of trial.

13. Denied as a conclusion of law. To the extent the allegations contained within said paragraph are deemed other than conclusions of law, said allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is otherwise demanded at the time of trial.

14. Denied as a conclusion of law.

15. (a-1) Denied as a conclusion of law. To the extent the allegations contained within said paragraph are deemed other than conclusions of law, it is denied that Answering Defendant acted in a negligent and/or careless manner. On the contrary, Answering Defendant acted in a reasonably prudent manner, and with all due care, under the circumstances.

16. Denied as a conclusion of law. To the extent the allegations contained within said paragraph are deemed other than conclusions of law, said allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is otherwise demanded at the time of trial.

17. Denied as a conclusion of law. To the extent the allegations contained within said paragraph are deemed other than conclusions of law, said allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is otherwise demanded at the time of trial.

18. Denied as a conclusion of law. To the extent the allegations contained within said paragraph are deemed other than conclusions of law, said allegations are denied because after reasonable investigation, Answering Defendant does not possess

sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is otherwise demanded at the time of trial.

19. Denied as a conclusion of law. To the extent the allegations contained within said paragraph are deemed other than conclusions of law, said allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is otherwise demanded at the time of trial.

WHEREFORE, Defendant, Fitness International, LLC, t/a "LA Fitness", demands judgment in its favor and against the Plaintiff, Sherona Geary, along with costs of said action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the Doctrine of Assumption of Risk.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred and/or limited by the Pennsylvania Comparative Negligence Act, 42 Pa. C. S.A. §7102 et seq.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused in whole or in part by individuals and/or entities which the Answering Defendant had no control over, and/or right to control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were not caused by the incident described within the Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant owed no legal duty to the Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was a trespasser at the time of the incident.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendant had no actual and/or constructive notice of any alleged dangerous condition.

### TENTH AFFIRMATIVE DEFENSE

There was no dangerous and/or defective condition located at the property in question.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent there was a dangerous and/or defective condition on the Defendant's premises, said condition was open and obvious.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent there was a condition upon the Answering Defendants' premises, the alleged defect was de minimis in nature.

### THIRTEENTH AFFIRMATIVE DEFENSE

The area where the Plaintiff allegedly fell was not within the possession or control of the Answering Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's pre-existing condition was not aggravated and/or exacerbated by the incident described in Plaintiff's Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the terms of the parties' membership agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred and/or limited by the valid exculpatory clauses contained within the membership agreement between Plaintiff and Defendant.

WHEREFORE, Defendant, Fitness International, LLC, t/a "LA Fitness" demands judgment in its favor and against the Plaintiff, Sherona Geary, along with costs of said action.

**BRIGGS LAW OFFICE, LLC**

Date: May 24, 2017     By:     *NWB3521*
**NORMAN W. BRIGGS, ESQUIRE**
Attorney ID No. 60940
Attorneys for Defendant, Fitness International, LLC, t/a "LA Fitness"
400 Market Street, Suite 730
Philadelphia, PA 19106
Phone: (215) 925-4632
Fax: (215) 925-1611